IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN DRAZEN, | : |
| Plaintiff, | : CASE NO. |
| v. | : **JURY TRIAL DEMANDED** |
| GLACIERPOINT ENTERPRISES, INC., | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Alan Drazen ("Plaintiff" or "Drazen"), by and through his undersigned attorneys, alleges as follows:

### Introduction

1. This lawsuit arises out of the wrongful and discriminatory termination of Plaintiff's employment with Defendant GlacierPoint Enterprises, Inc. ("Defendant" or "GlacierPoint").

2. After forty-six years of service to the Jack and Jill Company ("Jack and Jill"), Mr. Drazen was abruptly terminated, without cause and effective immediately.

3. Under the terms of his written employment agreement, Mr. Drazen is entitled to compensation resulting from this wrongful termination, including, but not limited to, one (1) year salary as severance. In addition, this termination is the latest in a string of discriminatory behavior by GlacierPoint, as it attempts to employ a younger workforce and eliminate older employees.

30457543v.1

-2-

**The Parties**

4.      Plaintiff Alan Drazen is a Florida resident with his residence at 558 Sanderling Circle, Deerfield Beach, Florida 33442.

5.      Defendant GlacierPoint Enterprises, Inc. is a Delaware corporation with its principal place of business at 101 Commerce Drive, Moorestown, New Jersey 08057.

6.      GlacierPoint acquired Jack and Jill in December 2021 and has more than 20 employees.

**Jurisdiction and Venue**

7.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 as the case presents a federal question arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

8.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's breach of contract claim, as they arise out of the same transactions and occurrences as the ADEA claim.

9.      This Court has personal jurisdiction over defendant GlacierPoint because GlacierPoint consented to this Court's jurisdiction pursuant to a choice of forum provision in the Mr. Drazen's employment agreement, which provides that "any lawsuit or other judicial proceeding arising out of or relating to this Agreement or to the Employee's employment with the Company, may be brought and maintained only in the Court of the Common Pleas of Bucks County, Pennsylvania or the United States District Court for the Eastern District of Pennsylvania

-3-

(to the extent the latter court may have jurisdiction over the subject matter)." This Court also has personal jurisdiction over defendant GlacierPoint because GlacierPoint regularly transacts business within the Commonwealth of Pennsylvania and because Plaintiff's Employment Agreement was executed in Pennsylvania.

10. Venue is proper in the Eastern District of Pennsylvania pursuant to the aforementioned choice of forum provision in the employment agreement and because a substantial part of the events giving rise to this lawsuit arose in this District. *See* 28 U.S.C. § 1391

**Factual Background**

11. Mr. Drazen began working in management for Simco Logistics Inc. d/b/a Jack & Jill Ice Cream Company in 1976 ("Jack & Jill").

12. While working for Jack and Jill, Mr. Drazen created the Choco Taco, a popular ice cream dessert.

13. On August 9, 2002, Mr. Drazen and Jack and Jill executed a written employment agreement (the "Agreement"). The Agreement was between Mr. Drazen and the then-owner of Jack and Jill, Mid Atlantic Vending Corp.

14. The Agreement provides that Mr. Drazen would serve in his role as Vice President for an initial five-year term and that the Contract would renew automatically from year to year following that initial term unless either party gave the other eight (8) weeks written notice of his or her intention to terminate the Agreement at the end of the then current term.

-4-

15. Most of Mr. Drazen's employment activities were performed in New Jersey.

16. GlacierPoint is the current owner of Jack and Jill and is the successor in interest to the Agreement.

17. In May of 2022, the human resources manager at GlacierPoint scheduled a meeting with Mr. Drazen at GlacierPoint's corporate office in New Jersey.

18. Unbeknownst to Mr. Drazen, the purpose of the meeting was to terminate his employment with the company.

19. Despite this email, on May 26, 2022, GlacierPoint's human resources manager fired Mr. Drazen.

20. Mr. Drazen was given no notice of his termination.

21. Mr. Drazen was escorted from the building, denied access to his company car and sent home in an Uber.

22. Mr. Drazen's company car was part of his overall compensation package under the Agreement.

23. Prior to his termination, Mr. Drazen had a company car for the previous 24 years of his employment.

24. By depriving Mr. Drazen of his company car, the termination became effective immediately.

-5-

25. GlacierPoint knew that Mr. Drazen had no intention of retiring or otherwise terminating the Agreement.

26. In fact, shortly before the company was sold to GlacierPoint in late 2021, Mr. Drazen informed Jack and Jill's President, Ken Schwartz, that he intended to work four more years.

27. Mr. Drazen has worked diligently under the terms of the Agreement for the last twenty years and has been a model employee during that time.

28. In fact, shortly after he was terminated, GlacierPoint's CEO sent a company-wide email complimenting Mr. Drazen's work for Jack and Jill over the years.

29. Mr. Drazen's termination is part of a pattern and practice of terminating older employees since GlacierPoint has acquired the company.

30. Shortly before GlacierPoint terminated Mr. Drazen's employment, it also discharged a 72-year-old employee, Marteen van de Rijn, for no discernable job-related reason.

31. Mr. van de Rijn was the oldest employee at Jack and Jill apart from Mr. Drazen. Consequently, Mr. Drazen became the oldest remaining employee after Mr. van de Rijn's employment was terminated.

32. Mr. Drazen also witnessed the termination of a colleague, Guy Wharton, which, upon information and belief, was based on Mr. Wharton's age.

## Count I – Breach of Contract

33. Plaintiff repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

34. GlacierPoint and Mr. Drazen are parties to the Agreement.

35. GlacierPoint's right to terminate Mr. Drazen under the Agreement without providing advance notice is limited to two situations: Mr. Drazen's disability in excess of ninety (90) days, or for good and sufficient cause.

36. Mr. Drazen had no disability and GlacierPoint had no good and sufficient cause to terminate Mr. Drazen's employment, and therefore, GlacierPoint was required to provide Mr. Drazen with eight (8) weeks notice.

37. Mr. Drazen was terminated without any notice and was escorted from the premises.

38. Mr. Drazen was forced to return the keys to his company car. His car was part of his compensation package, thereby confirming that the termination was effected on May 26, 2022.

39. By terminating Mr. Drazen without notice and by depriving him of his company car, GlacierPoint is obligated to pay Mr. Drazen one (1) year salary as severance.

40. Mr. Drazen also is entitled to one week's salary for every two years of his employment under the terms of GlacierPoint's severance policy. This amounts to 23 weeks for Mr. Drazen's 46 years of employment.

41. Despite due demand, GlacierPoint has failed and refused to abide by the terms of the Agreement or its severance policy.

42. As a direct and proximate result of GlacierPoint's conduct, Mr. Drazen has suffered damages exclusive of attorney's fees and costs in excess of $75,000.

WHEREFORE, for the above reasons, Plaintiff Alan Drazen seeks compensatory damages as well as reasonable attorney's fees under the Agreement, together with costs, prejudgment interest and such other and further relief as to the Court seems just and proper.

### Count II – Age Discrimination (ADEA)

43. Plaintiff repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

44. Mr. Drazen filed a Complaint with the PHRC. The PHRC subsequently determined that it did not have jurisdiction because the adverse employment action occurred in New Jersey. The Complaint was then transferred to the EEOC. The filing date with the EEOC is December 9, 2022.

45. Mr. Drazen has exhausted his administrative remedies as sixty (60) days have passed since the filing of the EEOC Complaint.

46. Mr. Drazen was sixty-nine (69) years of age at the time of his termination.

47. Mr. Drazen was qualified for his position with Jack and Jill, as evidenced by his decades of exemplary service and track record of success, including the invention and marketing

of the Choco Taco. Mr. Drazen was complimented by the CEO of the company for his exemplary service after he was terminated.

48. On May 26, 2022, Mr. Drazen suffered an adverse employment decision in the form of termination when he was terminated by the human relations manager.

49. Mr. Drazen was humiliated and suffered emotional distress when he was escorted from the building, his belongings were removed from his company car, and he was sent home in an Uber.

50. Upon information and belief, Mr. Drazen's position has remained open or was filled by a similarly qualified individual who is substantially younger.

51. But for Mr. Drazen's age, he would not have been terminated.

52. GlacierPoint's conduct, as described herein, has caused harm to Mr. Drazen both financially and emotionally.

53. GlacierPoint, through the actions of its managers and executives, has engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of Mr. Drazen, thus warranting an award of punitive damages.

54. Indeed, Mr. Drazen was the latest victim of a pattern and practice of age discrimination by GlacierPoint.

55. Punitive damages are required to punish GlacierPoint for its discriminatory conduct and to deter GlacierPoint from engaging in future discriminatory conduct.

WHEREFORE, for the above reasons, Plaintiff Alan Drazen seeks compensatory damages in the form of front pay, emotional distress, attorney's fees and punitive damages, together with costs, prejudgment interest and such other and further relief as to the Court seems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury as to all issues presented in this matter.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

Dated: March 24, 2023

BY: *[signature: Justin Proper]*

Justin E. Proper, Esq.
1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.7164
*Attorneys for Plaintiff Alan Drazen*